CULBERTSON C. STEVENS v. JOHN J. CLEMMONS.

1. VERDICT—*Questions of Fact.* The verdict of a jury, when supported by competent testimony, disposes of all disputed questions of fact.

2. REOPENING CASE—*Discretion of Court.* After both parties have introduced their testimony, and the court has instructed the jury, the introduction of further testimony is a matter within the discretion of the court; and the court, in this case, did not err in refusing to admit testimony not properly rebuttal after the case had been reopened.

*Error from Dickinson District Court.*

ACTION by *Stevens* against *Clemmons*, to recover on three promissory notes. Judgment for defendant at the May term, 1889. The plaintiff comes here. The opinion states the facts.

*John H. Mahan,* for plaintiff in error.

*O. L. Moore,* and *C. F. Mead,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: Plaintiff in error, as plaintiff below, brought suit against the defendant on three promissory notes, for $99, $111.30, and $315.50, less a credit of $113.50. The defendant pleaded payment in full, and also alleged as a counterclaim that he had paid plaintiff the amount of a promissory note given to A. V. Jewett, for whom plaintiff acted as agent, for the sum of $500, twice, and defendant asked judgment for $500, which he alleged was paid by mistake. Plaintiff's reply denied the allegations of the answer. The case was tried by a jury, and a verdict rendered for the defendant.

Plaintiff in error contends that, inasmuch as the defendant's counterclaim was greater than the sum of all the notes sued on, the jury, having found merely a general verdict for the defendant, must have rejected the counterclaim. If they had allowed it, the defendant would have been entitled to a verdict for the excess. In this contention, we think the

plaintiff is correct.  He then further contends, that the evidence with reference to the payment of the $313.50 note is insufficient to support a finding of payment; that the only evidence offered by the defendant was, that the money was left at Kirby's bank by the defendant for the plaintiff, and that there was no proof either that the bank was authorized to receive payment for the plaintiff, or that the bank, having received the money, paid it over to him.

The defendant testified that he paid the identical note sued on, and produced a letter which it is claimed referred to this note, in which the plaintiff says: "You left $313.50 at Kirby's bank."  It is true that the plaintiff claims that the letter refers to the payment of a different note, but the jury had a right to determine which party was right and which wrong, and they have settled the contention in favor of the defendant.

Counsel next complains of the rejection of the evidence of Mr. Kirby.  After both parties had introduced their testimony and rested, and after the court had instructed the jury, the plaintiff asked leave to reopen the case and introduce further testimony; and, over the objection of defendant, leave was granted.  Thereupon, the plaintiff was recalled, and reexamined at considerable length, and introduced further written evidence.  Then plaintiff called Kirby as a witness, and offered to prove that Clemmons never deposited $215, in December of 1885.  The defendant objected to the introduction of this testimony as not proper rebuttal, and the court sustained the objection, and in doing so ruled correctly.  The burden of the issue was on the defendant.  He had first introduced his testimony.  It was then incumbent on the plaintiff to introduce his testimony in opposition to that produced by the defendant.  The evidence offered by defendant which it was sought to controvert by the testimony of Kirby was introduced by the defendant as part of his testimony in chief.

Counsel also complains of the instructions of the court, and especially of what was given after the case had been reopened and further evidence offered.  The court merely said, with reference to the testimony let in after reopening the case: "It

is simply let in as additional circumstances, like any other circumstance in the case, and is not to be given more prominence simply because it was let in at this time." We think the instruction entirely proper. Thereafter plaintiff asked to submit special findings of fact. The court said: "The rules require that special findings be submitted before the evidence in the case is concluded." No special findings appear by the record to have been offered; no exception is preserved to this remark of the court, and, of course, no error is shown.

We have patiently examined the whole record, and find that disputed questions of fact were properly submitted to a jury. The jury decided adversely to the plaintiff. There is really no question of law presented which is worthy of serious consideration, and the judgment is therefore affirmed.

All the Justices concurring.